IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MICHAEL GEARY WILSON, | ) | Case No. C 14-4844 PSG (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| SUPERIOR COURT, et al., | ) | |
| Respondents. | ) | |

Michael Geary Wilson, a California state pretrial detainee proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Wilson's motion to proceed *in forma pauperis* is granted.  For the reasons that follow, Wilson's petition is dismissed without prejudice.

**BACKGROUND**

According to his petition, on February 7, 2014, and February 10, 2014, Judge Barry P. Goode of the Contra Costa Superior Court issued a verbal and written order, *inter alia*, prohibiting Wilson from bringing any recording device into a courthouse within the county without first obtaining permission from a Superior Court judge and entering any such

---

[1] On November 6, 2014, Wilson consented to magistrate judge jurisdiction.

Case No. C 14-4844 PSG (PR)
ORDER OF DISMISSAL

courthouse, subject to two exceptions.[2] On April 16, 2014, a complaint was filed against Wilson for disobeying that court order.[3] On August 4, 2014, the prosecutor moved to amend the complaint to add a second charge of disobeying that same court order for an incident that occurred on June 19, 2014.[4] On September 24, 2014, the prosecutor filed a separate complaint alleging one count of disobeying a court order regarding an incident that occurred on June 19, 2014.[5]

Wilson filed the instant federal petition for writ of habeas corpus on October 31, 2014 challenging the validity of the February 2014 orders. On November 24, 2014, Wilson filed a similar state petition for a writ of habeas corpus in the Contra Costa Superior Court.[6]

## DISCUSSION

A.      Standard of Review

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."[7] Section 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court,"[8] for instance a pre-trial detainee, such as Wilson.[9]

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

---

[2] *See* Petition, Attachment 13 at 1-4, Ex. 1 at 3-4.

[3] *See* Cal. Penal Code § 166(a)(4); Docket No. 3, Ex. 1 ("State Petition") at 3.

[4] *See id.*

[5] *See id.*

[6] *See id.* at 27.

[7] 28 U.S.C. § 2241(a).

[8] 28 U.S.C. §2254.

[9] *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (determining that habeas corpus under Section 2241(c)(3) "empowers district courts to issue the writ, *inter alia*, before a judgment is rendered in a criminal proceeding.").

1  applicant or person detained is not entitled thereto."[10]  Summary dismissal is appropriate only
2  where the allegations in the petition are vague or conclusory, palpably incredible, or patently
3  frivolous or false.[11]

4  B.     Petitioner's Claim

5  Even assuming that Wilson properly alleges a violation of the Constitution or laws or
6  treaties of the United States in his federal habeas petition, principles of comity and federalism
7  require that a reviewing court abstain and not entertain a pre-trial habeas challenge unless the
8  petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special
9  circumstances" warrant federal intervention.[12]

10  Wilson has not done so.  Instead, Wilson makes a bare allegation that he has exhausted
11  his state remedies.  However, it is clear from the record that the most recent criminal complaint
12  and Wilson's first state habeas petition were both filed after the commencement of this action.
13  Moreover, only in cases of proven harassment or prosecutions undertaken by state officials in
14  bad faith without hope of obtaining a valid conviction, and perhaps in other extraordinary
15  circumstances where irreparable injury can be shown, is pre-conviction federal intervention
16  against pending state prosecutions appropriate.[13]  Wilson has not shown such irreparable injury.

17  Because the court must abstain from ruling on the petition until the Wilson's state
18  proceedings are completed and Wilson has exhausted his state court remedies, the instant
19  petition is dismissed without prejudice.

## CONCLUSION

21  The case is dismissed without prejudice to refiling after Wilson's state criminal
22  proceedings are completed, and Wilson has exhausted his state court remedies.  The Clerk shall

---

[10]  28 U.S.C. § 2243.

[11]  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

[12]  *See Carden v. Montana*, 626 F.2d 82, 83-84 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971).

[13]  *See Carden*, 626 F.2d at 84.

Case No. C 14-4844 PSG (PR)
ORDER OF DISMISSAL                           3

terminate all pending motions and close the file.

In addition, a certificate of appealability is denied because Wilson has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[14]

IT IS SO ORDERED.

DATED: 1/23/2015

PAUL S. GREWAL
United States Magistrate Judge

---

[14] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).